FILED
2006 Jul-31 PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,**
**Plaintiff,**

**v.**

**DAVID R. MITCHELL; THERESA G. MITCHELL,**

**Defendants.**

**Case No.: 2:05-CV-1259-RDP**

## MEMORANDUM OPINION

### I. Introduction

The court has before it Plaintiff Pennsylvania National Mutual Insurance Company ("Penn National")'s Motion for Summary Judgment (Doc. #14) with Plaintiff's Brief in Support of Motion for Summary Judgment and evidentiary exhibits attached, filed February 17, 2006. A Rule 26 planning meeting was held by the parties and they filed a report of their meeting on August 16, 2005. (Doc. #11). By order of the court (after the case was stayed for the third time), any opposition to Penn National's motion for summary judgment was due from Defendants on or before July 24, 2006. (Doc. #23). No timely opposition was filed by Defendants and, as of the date of entry of this order, Plaintiff's motion for summary judgment remains unopposed. For the reasons outlined below, the court grants Plaintiff's Motion for Summary Judgment and enters judgment in favor of Plaintiff.

### II. Summary Judgment Standard

Summary judgment is an integral part of the Federal Rules of Civil Procedure and is the prescribed manner by which claims which do not involve genuine issues of material fact should be

resolved. Fed. R. Civ. P. 56. The fact that the parties do not agree on every fact is not significant. The law requires only that "there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 251. Whether a fact is material is determined by the substantive law applicable to a particular case. *See Anderson*, 477 U.S. at 248. Although in the summary judgment analysis the nonmovant is entitled to justifiable inferences from the undisputed facts, he cannot rest upon his pleadings. Rule 56(e) provides,

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

## III. Procedural History

On June 9, 2005, Plaintiff filed its complaint against Defendants in this court. (Doc. #1). On February 17, 2006, Plaintiff Penn National filed a Motion for Summary Judgment. (Doc. #14). Defendants' attorneys subsequently filed a Motion to Withdraw on March 21, 2006. (Doc. #15). On March 22, 2006, the court granted the motion to withdraw and ordered a thirty day stay to allow Defendants to locate other counsel. (Doc. #16). Accordingly, the deadline to respond to Plaintiff's pending Motion for Summary Judgment was extended to May 1, 2006. (Doc. #16). On May 5, 2006, Defendant David Mitchell then filed a Motion for Extension of Time to Hire an Attorney and a Response to Summary Judgment. (Doc. #20). The court ordered the case stayed for a second time

for an additional thirty days, moving the deadline for Defendants to respond to Summary Judgment to June 12, 2006. (Doc. #21). Defendant David Mitchell then filed a motion (via letter) asking for another extension of time to hire an attorney on June 22, 2006. (Doc. #22). In an order dated June 23, 2006, the court granted that motion, stayed the case for a third time, and extended Defendants' deadline to respond to summary judgment to July 24, 2006. (Doc. #23). Defendants have never filed any substantive opposition to Plaintiff's motion for summary judgment.

## IV. Relevant Undisputed Facts

This case arises from an indemnity agreement dated June 30, 2000, between Defendants and Plaintiff. (Doc. #14, Attachment #2, at 8 ¶ 1). Defendants agreed to reimburse Penn National for any and all payments and expenses in the event that Mitchell Construction failed to meet its obligations under bonds issued on its behalf by Penn National. (Doc. #1, Ex. 1, at ¶ 1).

Penn National issued bond number SB300727 for work to be performed by Mitchell Construction in Los Alamos, New Mexico. (Doc. #14, Attachment #2, at 8 ¶ 3). Under bond SB300727, Penn National made payment to United Rentals in the amount of $177,050.00, to Poor Boy Trucking in the amount of $12,855.06, to Cannon Contracting in the amount of $669,869.93, to Rental Service Corporation in the amount of $165,000.00, and incurred expenses in the amount of $39,440.48. (Doc. #14, Attachment #2, at 8-10 ¶¶ 4, 5, 6, 10, 11).

Penn National issued bond number SB303275 for work to be performed by Mitchell Construction in the town of Tarboro. (Doc. #14, Attachment #2, at 8 ¶ 7). Under bond number SB303275, Penn National incurred expenses of $2,542.15 and $370,381.44. (Doc. #14, Attachment #2, at 9-10 ¶¶ 8, 12).

Penn National issued bond number SB303260 for work to be performed by Mitchell Construction in the City of Pinebluff. (Doc. #14, Attachment #2, at 10 ¶ 9). Penn National recovered sums of $669,869.33 and $165,000.00 related to bond number SB303260. (Doc. #14, Attachment #2, at 10 ¶13).

Penn National has asserted one claim in this case, breach of contract, and seeks to recover damages in the following amounts:

(1) $602,269.73 in principal,
(2) interest, and
(3) costs and attorneys fees in the amount of $12,155.84.

(Docs. #1, #14). On December 23, 2005, Penn National served Plaintiff's with written discovery, including requests for admission. (Doc. #14, Attachment #2, at 8-11). Defendants failed to respond to Plaintiff's Requests for Admissions, and, therefore, they have conceded that they are indebted to Penn National in the amount of $602,269.73 with interest, costs, and attorneys fees. (Doc. #14, Attachment #2, at 11 ¶ 14).

Plaintiff's motion for summary judgment asserts that no genuine issue of material fact exists and that Plaintiff is entitled to judgment as a matter of law. (Doc. #14). In support of its motion, Plaintiff submitted a copy of the indemnity agreement signed by Defendants David R. Mitchell and Theresa Mitchell (Doc. #1, Ex. 1) and a copy of the interrogatories, requests for production and requests for admissions submitted by Plaintiff (Doc. #14, Attachment #2), which were only partially answered by Defendants. (Doc. #20).

## V. <u>Discussion</u>

Plaintiff has moved for summary judgment on its breach of contract claim. To establish a breach of contract claim under Alabama law, Plaintiff must prove four elements: (1) a valid contract

binding the parties, (2) plaintiff's performance under the contract, (3) defendant's nonperformance, and (4) plaintiff's resulting damages. *State Farm Fire & Casualty Co. v. Slade*, 747 So.2d 293, 303 (Ala. 1999). The court finds that all of these elements are satisfied by the undisputed evidence in this case.

Defendants have made several statements in their Answers to Interrogatories and Response to Summary Judgment (Doc. #20) which question such things as Penn National's expenses, fees and the bond numbers referenced by Plaintiff in its motion. Defendants also claim not to owe certain amounts. However, these statements are merely conclusory, and Defendants have offered no supporting evidence for any of their assertions. Moreover, Defendants' failure to respond to Plaintiff's requests for admission establishes, for purposes of this case, those facts that support Plaintiff's claim. The Federal Rules of Civil Procedure state that each matter of which an admission is requested is admitted unless:

> within thirty days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, . . ., the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Fed. R. Civ. P. 36. The Eleventh Circuit has noted that this rule "permits the party securing admissions to rely on their binding effect." *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992). In this case, Defendants were granted three separate thirty day extensions and stays to allow them to locate an attorney and/or respond to Plaintiff's motion for summary judgment. During that time, they also had ample opportunity (*i.e.*, some seven months) to respond to Plaintiff's requests for admission. (Doc. #14, Attachment #2, at 12). In addition, the court finds that Defendants' failure to file any substantive opposition during this time period also operates to

establish all matters contained in Plaintiff's requests for admissions as true and admitted for purposes of this case.

The validity of the contract is not in dispute. (Doc. #1, Ex. 1). Similarly, Defendants do not dispute that (1) Plaintiff made payments on behalf of David Mitchell Construction in accordance with the contract (Docs. #1, #14); (2) Defendants failed and/or refused to comply with the terms of their guaranty which required them to reimburse Plaintiff for all sums paid out pursuant to the surety agreement (Docs. #1, #14); or (3) pursuant to the contract between the parties, Plaintiff's damages are equal to the full amount of Plaintiff's payments less sums recovered–*i.e.*, $602,269.13, plus interest, costs, and attorneys' fees. (Docs. #1, #14). Although Defendants deny all of Plaintiff's allegations and claim that all relevant documents they possessed or had access to were destroyed in a fire (Doc. #20), there has been no genuine dispute raised as to whether Plaintiff's records–containing the contract, bond records, and amounts of damages alleged by Plaintiff–are accurate. Furthermore, although Defendants became *pro se* after their attorneys withdrew from this case on March 22, 2006 (Doc. #16), they have been given ample time to find new representation and/or respond to Plaintiff's motion for summary judgment.

Accordingly, because Plaintiff has tendered the indemnity agreement, presented uncontradicted evidence of its breach, and shown that it is entitled to damages in a sum certain in accordance with the terms of the agreement, the court finds that judgment as a matter of law in favor of Plaintiff is appropriate on the breach of contract claim. Therefore, the court will enter summary judgment in favor of Plaintiff and against Defendants David and Theresa Mitchell in the amount of $602,269.73 in damages, plus interest and attorneys' fees to be determined by agreement of the parties.

The court finds that no genuine issues of material fact remain for trial as to Plaintiff's claim and that Plaintiff is entitled to judgment as a matter of law. A separate order granting summary judgment will be entered.

**DONE** and **ORDERED** this 31st day of July, 2006.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE